UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY B. ROBINSON,

               Petitioner,               Case Number: 2:16-cv-12242
                                            HON. GEORGE CARAM STEEH

v.

GEORGE STEPHENSON,

               Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Rodney B. Robinson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. He challenges his convictions for one count of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct on the ground that he was denied a fair trial by the admission of prior bad act evidence. It is apparent from the face of the petition that habeas relief is not warranted. Therefore, the Court summarily dismisses the petition.

## I. BACKGROUND

Petitioner's convictions arise from the digital penetration of his fiancèe's twelve-year-old niece, C.S., in 2010. Prior to trial, the trial court denied the prosecution's motion to admit evidence regarding Petitioner's 1999 second-degree criminal sexual conduct conviction for his conduct with a six-year old victim, A.M. The prosecution filed an interlocutory appeal. The Michigan Court of Appeals reversed the trial court's

decision, finding the evidence "highly probative" to whether he committed the crimes against C.S. and not unfairly prejudicial. *People v. Robinson*, No. 306707, 2012 WL 1449168, *4-5 (Mich. Ct. App. Apr. 26, 2012). The Michigan Supreme Court denied leave to appeal. *People v. Robinson*, 493 Mich. 882 (2012).

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520f. On September 13, 2013, he was sentenced to 25 to 50 years' imprisonment for the first-degree criminal sexual conduct conviction and 8 years to 270 months' imprisonment for each second-degree criminal sexual conduct conviction.

Petitioner file an appeal of right in the Michigan Court of Appeals, raising these claims: (i) other act evidence improperly admitted; (ii) insufficient evidence supported the convictions; and (iii) sentence was not properly supported. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Robinson*, No. 318264, 2014 WL 7157627 (Mich. Ct. App. Dec. 16, 2014). The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Robinson*, 497 Mich. 1030 (Mich. May 28, 2015).

Petitioner then filed the pending habeas petition. He raises a single claim, that his right to a fair trial was violated by the admission of evidence regarding his prior conviction for second-degree criminal sexual conduct.

## II.  STANDARD

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits

-2-

annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing

Section 2254 cases.  If the court determines that the petitioner is not entitled to relief,

the court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856

(1994)  ("Federal courts are authorized to dismiss summarily any habeas petition that

appears legally insufficient on its face").  The habeas petition does not present grounds

which may establish the violation of a federal constitutional right.  The petition will be

dismissed.

Petitioner's claims are reviewed against the standards established by the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a

rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

'confronts a set of facts that are materially indistinguishable from a decision of [the

Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*,

529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 106 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).  "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See*

*Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme

Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases,

so long as neither the reasoning nor the result of the state-court decision contradicts

them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly

established law" are to be determined solely by resort to Supreme Court rulings, the

decisions of lower federal courts may be instructive in assessing the reasonableness of

a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir.

2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003).

Lastly, a federal habeas court must presume the correctness of state court

factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this

presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358,

360-61 (6th Cir. 1998).

## III. DISCUSSION

Petitioner argues that he was denied a fair trial by the admission of testimony

that he was previously convicted of second-degree criminal sexual conduct. Petitioner

argues that the evidence was unfairly prejudicial under Michigan Rule of Evidence 403,

as should have been excluded on that basis. The Michigan Court of Appeals rejected

this claim on state court evidentiary rules:

> [T]he significant probative value of the evidence was not substantially
> outweighed by the danger of unfair prejudice. M.R.E. 403. ... "[O]ther-acts
> evidence admissible under MCL 768.27a may not be excluded under
> MRE 403 as overly prejudicial merely because it allows a jury to draw a
> propensity inference." 491 Mich. at 487. The Court identified several
> factors to consider in a M.R.E. 403 analysis, including: "(1) the
> dissimilarity between the other acts and the charged crime, (2) the
> temporal proximity of the other acts to the charged crime, (3) the

infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony." *Id.* at 487-488.

Defendant argues that the two crimes were dissimilar, so the prior act was inadmissible. However, both girls were the niece of a woman defendant was romantically involved with at the time of his acts. Both girls were staying at defendant's residence overnight and were in his care. Further, the question is not whether the evidence was prejudicial. "Virtually all evidence is prejudicial or it isn't material." *Old Chief v. United States*, 519 U.S. 172, 193; 117 S.Ct. 644; 136 L.Ed. 2d 574 (1997) (O'Connor, J.). Instead, the inquiry is whether the "[e]vidence is *unfairly* prejudicial," which occurs "when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v. Mardlin*, 487 Mich. 609, 627; 790 NW2d 607 (2010) (emphasis added). The test is "whether the probative value is substantially outweighed by the risk of unfair prejudice." *People v. Starr*, 457 Mich. 490, 499-500; 577 N.W.2d 673 (1998) (emphasis in original). Even if the other acts evidence involved testimony of acts that were "depraved" or of "monstrous repugnance, such characteristics were inherent in the underlying crime of which defendant stood accused in this case. The danger the rule seeks to avoid is that of unfair prejudice, not prejudice that stems only from the abhorrent nature of the crime itself." *Id.* (quotation marks omitted). The significant probative value of the evidence in this case was not substantially outweighed by the danger of unfair prejudice to defendant. Thus, he is not entitled to a new trial.

*Robinson*, 2014 WL 7157627 at *2.

"[S]tate-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) *quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). The Supreme Court has declined to hold that the admission of "other acts" evidence is so extremely unfair that it violates fundamental conceptions of justice. *Dowling v. United States*, 493 U.S. 342, 352-53 (1990). The Court has discussed when other acts

-6-

testimony is permissible under the Federal Rules of Evidence, *see Huddleston v. United States*, 485 U.S. 681 (1988), but has not addressed the issue in constitutional terms. Such matters are more appropriately addressed in codes of evidence and procedure than under the Due Process Clause. *Dowling*, 493 U.S. at 352. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, there is no "clearly established federal law" to which the state court's decision could be "contrary" within the meaning of section 2254(d)(1). *Id.* at 513. Therefore, habeas relief is not available on this claim.

## IV.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the

conclusion that the petition does not state a claim upon which habeas relief may be granted.  Therefore, the Court will deny a certificate of appealability.

## V.  CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

Dated:  June 30, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 30, 2016, by electronic and/or ordinary mail and also on
Rodney B. Robinson #302543, Thumb Correctional Facility,
3225 John Conley Drive, Lapeer, MI 48446.

s/Barbara Radke
Deputy Clerk

---